UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT THORNAL,<br><br>                 Plaintiff,<br><br>    v.<br><br>JIM PITTS, in his individual and official capacities; RON SUPP, in his individual and official capacities; ELKO COUNTY SHERIFF'S OFFICE, a governmental entity, and ELKO COUNTY, a governmental entity,<br><br>                 Defendants. | Case No. 3:19-cv-00358-LRH-WGC<br><br>ORDER |

       Defendant Elko County Sheriff's Office has filed a motion to dismiss the complaint of plaintiff Robert Thornal. (ECF No. 11). No other defendant joined in the Sheriff's Office's motion to dismiss. Thornal filed a response (ECF No. 16), and the Sheriff's Office timely replied (ECF No. 17). For the reasons stated below, the Court will grant the motion to dismiss.

**I. Factual Background and Procedural History**

       This is a wrongful termination action. According to the factual allegations within his complaint, which are presumed to be true for the purposes of this motion, Thornal was fired from his position as a sheriff's deputy after testifying for the plaintiff in a civil rights action brought against Elko County. (ECF No. 1 at 5). He also alleged that his firing stemmed from the fact that he supported defendant Jim Pitts's opponent in the 2018 Elko County Sheriff election and was fired shortly before Pitts's term was set to end. (*Id* at 7–8). Thornal also claims that his race (Native American) played a factor in his termination. (*Id*. at 13). Following the filing of his complaint on

June 26, 2019, the Sheriff's Office brought the instant motion to dismiss on August 9. (ECF No. 11).

## II. Legal Standard

Although the Sherrif's Office does not state the applicable legal standard in its motion, the Court will construe it as seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy Federal Rule of Civil Procedure 8(a)(2)'s notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; a pleading, however, that offers " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 667 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *Id*. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id*.

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Iqbal*, 556 U.S. at 667. Even so, "bare assertions. . .amount[ing] to nothing more than a formulaic recitation of the elements of a. . .claim. . .are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the

form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

### III. Discussion

The Sheriff's Office's motion to dismiss straightforwardly asserts one ground for dismissal – that under Nevada law, it cannot be sued because it is not a suable "political subdivision" under Nevada law. (ECF No. 11 at 2). It points to *Wayment v. Holmes*, a 1996 case from the Nevada Supreme Court, arguing that it expressly held that departments of counties (such as sheriff's offices and district attorney's offices) cannot be sued. In response, Thornal argues that subsequent caselaw has abrogated *Wayment* and that the Sheriff's Office has waived immunity from suit by frequently appearing as the plaintiff in civil asset forfeiture actions in Nevada state court. (ECF No. 16 at 4, 9). The Court will begin its analysis by surveying the relevant Nevada caselaw and statutes.

In *Wayment v. Holmes*, a former deputy district attorney sued Washoe County, the Washoe County District Attorney's Office, and two individuals working for the office for tortious discharge after he was fired for pointing out errors his supervisor had made in drafting an indictment. 912 P.2d 816, 817–18 (Nev. 1996). The Nevada Supreme Court held that the District Attorney's Office was not a suable entity because it was a department of Washoe County, not an independent political subdivision. *Id.* at 819. It noted that "in the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued." *Id.* (quoting 64 C.J.S. *Municipal Corporations* §2195 (1950)). *Wayment* has not been abrogated by any subsequent cases from the Nevada Supreme Court and remains the law of the state. Therefore, to maintain his action against the Sheriff's Office, Thornal must point to some form of statutory authorization that allows the Sheriff's Office to sue or be sued directly.

Thornal first argues that although sheriff's offices are not defined as "political subdivisions" in NEV. REV. STAT. §41.0305, neither are counties, and it is axiomatic that counties may be sued. (ECF No. 16 at 7). As such, according to the argument, that statute does not prohibit sheriff's offices from being sued. NEV. REV. STAT. §41.0305 is the statute wherein the State of Nevada waived absolute immunity from suit for both itself and its "political subdivisions."

3

Although not defined in that section, "political subdivisions" are defined in NEV. REV. STAT. §41.0305 as follows:

> [T]he term "political subdivision" includes an organization that was officially designated as a community action agency pursuant to 42 U.S.C. § 2790 before that section was repealed and is included in the definition of an "eligible entity" pursuant to 42 U.S.C. §9902, the Nevada Rural Housing Authority, an airport authority created by special act of the Legislature, a regional transportation commission and a fire protection district, an irrigation district, a school district, the governing body of a charter school, any other special district that performs a governmental function, even though it does not exercise general governmental powers, and the governing body of a university school for profoundly gifted pupils.

42 U.S.C. §9902 had defined a "community action agency" as one with the power to enter into contracts, receive and administer funds, and delegate powers to other agencies. *Schneider v. Elko County Sheriff's Dept.*, 17 F.Supp.2d 1162, 1164 (D. Nev. 1998).

This is not the first time that this Court has faced the issue of whether a sheriff's office may be sued under Nevada law. In *Schneider*, the plaintiff brought an excessive force action under §1983 directly against the Elko County Sheriff's Office following a conviction for obstruction of justice. 17 F.Supp.2d at 1164. This Court dismissed the plaintiff's action against the sheriff's office because such an entity does not have the statutory power to tax or otherwise receive and disburse funds, enter into contracts, or to delegate power to other agencies. *Id.* (citing NEV. CONST. ART. 4, §32; NEV. REV. STAT. §248.010). The only exception can be found in NEV. REV. STAT. §41.0336, which states that a "law enforcement agency" is not liable for the negligence of its officers unless (1) an officer made a promise subsequently relied on by the plaintiff or (2) the officer affirmatively caused the plaintiff's injury. A straightforward application of *Schneider* immediately ends any claims that Thornal has directed at the Sheriff's Office.

Thornal attempts to distinguish *Schneider* by pointing to a 2001 Ninth Circuit case, *Streit v. County of Los Angeles*, 236 F.3d 552 (9th Cir. 2001). (ECF No. 16 at 9). There, the plaintiff sued the Los Angeles County Sheriff's Department under 42 U.S.C. §1983 alleging over-detention. *Id.* at 556. The Ninth Circuit held that under California law, *inter alia*, the sheriff's department could be sued in addition to Los Angeles County itself. *Id.* at 565. But the facts of this case are readily distinguishable from the facts of this case. The central issue in *Streit* was whether

4

the L.A. County Sheriff's Department acted on behalf of L.A. County, thereby opening the county to liability under §1983 and *Monell*. *Id*. at 555. Whether the sheriff's department could be separately sued was an ancillary issue. There is no question here whether Elko County can be sued – it can be. The key distinction between these two cases is that the Ninth Circuit reached its decision on the suability of the sheriff's department by analyzing California statutes and case law. *Id*. at 565–66. It noted that whether or not the police department could be sued in federal court had to be determined by the law of the police department's state. *Id*. (citing *Shaw v. California Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604 (9th Cir. 1986)). Whether a California sheriff's office can be sued pursuant to California law does not have any bearing on whether a Nevada sheriff's office can be sued pursuant to Nevada law.

Following *Streit*, this Court has consistently reapplied *Schneider*. *See, e.g., Schmitt v. Lyon County Sheriff*, 2017 WL 2743400 (D. Nev. June 26, 2017) (recommending that the district judge dismiss the plaintiff's action against the Lyon County Sheriff's Office because it "is not a proper defendant"); *McQueen v. Nye County Sheriff's Office, Nev.*, 2015 WL 4724568 (D. Nev. June 5, 2015) (recommending that the district judge dismiss the plaintiff's action against the Nye County Sheriff's Office because it lacked the capacity to be sued), *adopted by* 2015 WL 4734929 (D. Nev. Aug. 201, 2015); *Wampler v. Carson City Sheriff*, 2012 WL 3205943 (D. Nev. Aug. 3, 2013) (dismissing action against the Carson City Sheriff's Office pursuant to *Schneider* and *Wayment*); *Cerros v. North Las Vegas Police Dep't.*, 2008 WL 608641 (D. Nev. Feb. 29, 2008) (same). In fact, many of these cases cite directly to *Streit*, demonstrating that this Court has repeatedly considered *Streit*'s holding but correctly determined that it did not apply to Nevada sheriff's departments. Thornal's argument that *Streit* somehow abrogated *Schneider* is without merit.

Thornal also argues that because the Sheriff's Office has appeared as the named plaintiff in several forfeiture actions in Nevada state court, it has waived its immunity from suit. (ECF No. 16 at 4). This argument rests on a misunderstanding of the nature of asset forfeiture actions. Under Nevada law, the plaintiff in a civil forfeiture action must be "the law enforcement agency which has commenced" the proceeding. *Levingston v. Washoe County, By and Through Sheriff of Washoe County*, 956 P.2d 84, 87 (Nev. 1998); NEV. REV. STAT. §179.1159. The fact that the Sheriff's

Office has been listed as the plaintiff in forfeiture actions as required by a statute (and the only possible plaintiff in such actions) does not equate to it waiving its immunity from suit. The only entity that can waive the Sheriff's Office's immunity from suit is the Nevada legislature by way of statute.

### IV. Conclusion

IT IS THEREFORE ORDERED that the motion to dismiss (ECF No. 17) filed by defendant Elko County Sheriff's Office is **GRANTED**. Said defendant is dismissed from this case **WITH PREJUDICE**.

IT IS SO ORDERED.

DATED this 17th day of December, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE